HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES L. STACY, | CASE NO. C07-5561RBL |
|         Plaintiff, | ORDER FOR EAJA FEES, COSTS AND EXPENSES |
|   v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
|         Defendant. | |

THIS MATTER comes on before the above-entitled court upon Plaintiff's Motion for Attorney's Fees and Expenses pursuant to 28 U.S.C. § 2412 [Dkt. #37]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

The underlying case involves plaintiff's request for judicial review of the Commissioner's final decision finding him not disabled under the Social Security Act. On January 18, 2011, the Magistrate Judge issued a Report and Recommendation. In the Report, the Magistrate Judge recommended that the matter be remanded to the Commissioner because the Administrative Law Judge had erred in evaluating the medical evidence in the record regarding plaintiff's lumbosacral back pain and in failing to properly consider and evaluate the functional limitations found by Drs. Collingwood and Peterson. According to the Report, the ALJ erred in

determining at step two of the five step sequential evaluation process that plaintiff's lumbosacral back pain was not severe and erred in failing to address the moderate mental functional limitations assessed by two non-examining, consulting psychologists, Cynthia Collingwood, Ph.D., and Gerald Peterson, Ph.D. The Commissioner did not object to the Report and Recommendation. On February 4, 2011, the Court entered an Order adopting the Magistrate Judge's Report and Recommendation and remanded this matter to the Commissioner for further administrative proceedings. The Commissioner did not appeal.

Plaintiff thereafter filed the instant motion seeking fees, costs and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The defendant has objected to the request arguing that their position was substantially justified and, alternatively, that plaintiff's requested fees are not reasonable.

Plaintiff is the prevailing party in this action and is entitled to an award of attorney's fees and expenses unless the position of the United States is "substantially justified." 28 U.S.C. § 2412(d)(1). For defendant's position to be found to be "substantially justified" requires an inquiry into whether defendant's conduct was "'justified in substance or in the main' – that is justified to a degree that could satisfy a reasonable person" – and "had a 'reasonable basis both in law and fact.'" *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2011) (quoting *Pierce v. Underwood*, 487 U.S. at 565 (1988)); *Penrod v. Apfel,* 54 F.Supp.2d 961, 964 (D. Ariz. 1999) (citing Pierce, 487 U.S. at 565); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 n.6 (1990); *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995). Defendant has the burden of showing his position was substantially justified. *Gutierrez*, 274 F.3d at 1258.

Defendant's position must be "*as a whole*, substantially justified." *Gutierrez,* 274 F.3d at 1258-59. As the Ninth Circuit has explained:

> The plain language of the EAJA states that the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *Jean*, 496 U.S. at 159, 110 S.Ct. 2316 (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions"). Thus we "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

*Id*., at 1259 (defendant must establish it was substantially justified in terms of ALJ's underlying conduct and in terms of its litigation position defending ALJ's error).

Here, the ALJ erred in two respects. First, the ALJ erred by finding that the record lacked proper objective medical support for plaintiff's lumbosacral back pain. This error led the ALJ to determine that plaintiff's lumbosacral back pain was not a severe impairment at step two. Step two, however, is a *de minumus* screening device used to dispose of groundless claims. *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir. 1996). The plaintiff's burden at step two is merely to prove that his "impairments on their symptoms affect [his] ability to perform basic work activities." *Edlund v. Massanari,* 253 F.3d 1152, 1159-60 (9th Cir. 2001). This in turn contributed to rendering suspect the hypothetical posed to the vocational expert.

Second, the ALJ erred by not addressing in his decision the moderate mental functional limitations assessed by Drs. Collingwood and Peterson. The law is plainly established that an ALJ needs to explain by either clear and convincing evidence or by specific and legitimate reasons why he rejected significant probative evidence. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996); *see also, Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). This error led to the problems with the hypothetical posed to the vocational expert and resulted in remand of this matter.

| | |
|---|---|
| 1 | The decision of the ALJ thus did not have a reasonable basis in law and fact.  The |
| 2 | defendant's decision to defend the ALJ's decision was not substantially justified. |
| 3 | Plaintiff has responded to the defendant's challenge to the reasonableness of his |
| 4 | requested fees by reducing the amount of fees sought.  Plaintiff has also set forth the |
| 5 | qualifications of one of his counsel, Maureen L. Cleary.  The fees, as reduced, are reasonable. |
| 6 | Plaintiff's Motion for Attorney's Fees and Expenses pursuant to 28 U.S.C. § 2412 is |
| 7 | **GRANTED**.  Plaintiff is hereby awarded EAJA fees of $9,358.84, costs in the sum of $350.00 |
| 8 | and expenses in the sum of $33.77. Subject to any offset allowed under the Treasury Offset |
| 9 | Program, as discussed in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), payment of this award shall be |
| 10 | made via check made out to counsel and sent to Eitan Kassel Yanich's address:  Eitan Kassel |
| 11 | Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA. 98501. |
| 12 | **IT IS SO ORDERED.** |
| 13 | Dated this 18th day of July, 2011. |

*/s/ Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE